SO ORDERED: June 13, 2007.

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:

ROBIN H. WADDELL            ) CASE NO. 04-2774-FJO-7A
                            )
        Debtor              )

### ORDER

This matter came before the Court upon the May 7, 2007 filing of the Motion for Turnover by the Trustee. The Debtor filed an Objection to the Motion on May 8, 2007. The Court conducted a hearing on this matter on June 11, 2007.

This Chapter 7 case was filed on February 24, 2004. The Trustee held a meeting of creditors on April 2, 2004. After the meeting of creditors, the Trustee, on May 11, 2004, filed a Notice of Report of Possible Assets and Notice of Abandonment of Property abandoning all of Debtor's property except Debtor's nonexempt interest in the

residential real estate and homeowners insurance policy. The Trustee, on the asset report dated May 11, 2004, lists the value to the estate as to the real estate as "unknown".

On August 3, 2004, the Trustee filed the Interim Financial Report for the period ending June 30, 2004 listing as "unknown" the value of the real estate to the estate.

Approximately one year later, on July 30, 2005, the Trustee filed the Interim Financial Report for the period ending June 30, 2005 listing $5,000 as to the fully administered value with regard to the subject real estate. The report indicates that the Trustee was getting an appraisal to determine the true value of the real estate. It does not appear from the evidence presented in Court that the Trustee ever obtained a full appraisal, just the comparative market analysis introduced in Court on June 11, 2007.

On August 7, 2006, the Trustee filed the Interim Financial Report for the period ending June 30, 2006 listing $5,000 as the fully administered value with regard to the subject real estate.  The report indicated that the Trustee had scheduled a 2004 examination for August 2, 2006 at 9:45 a.m.  It is not clear from the record if this 2004 examination was even conducted by the Trustee.

On December 14, 2006, the Trustee filed an Amended

Notice of Possible Assets and Notice of Abandonment of Property wherein she lists the possible interest in the Debtor's 2003 federal/state tax refunds and Debtor's nonexempt interest in real estate.

The Trustee, on December 14, 2006, filed a Motion for Turnover as to the Debtor's 2003 federal/state tax refunds and Debtor's nonexempt interest in real estate. The Debtor filed an Objection on December 28, 2006 alleging that the equity in the real estate that is over the exemption amount is such a limited sum that there would not be a significant dividend to the creditors, if any.

The Court set this matter for hearing on January 22, 2007. The hearing did not go forward on the Trustee's Motion because the Trustee indicated that he would be withdrawing the Motion. On February 15, 2007, the Trustee filed a Notice to Withdraw the Motion for Turnover.

This matter came before the Court again on the same issue as to the Debtor's nonexempt interest in real estate when the Trustee filed another Motion for Turnover on May 7, 2007. The Debtor objected to the Motion for Turnover on the basis that the equity in the real estate that is over the exemption amount is such a small sum that there would be no significant dividend to the creditors, if any. The Debtor also asserts that the Trustee raised this matter before and

withdrew the motion after the Debtor objected and therefor she should be precluded from relitigating this same issue.

The Trustee, at the hearing on June 11, 2007, presented a comparative market appraisal, with a suggested listing price for the real estate at $118,000.00.  This appraisal was done without the appraiser ever seeing the inside of the premises and with only looking at current prices of real estate.

The Debtor lists the value of the property at approximately $96,000 and asserts that the recent tax assessment lists the property at approximately $95,000.

This case was filed over 3 ½ years ago. The date of filing the petition is the relevant time frame for purposes of determining the value of the real estate and whether there is equity over and above the Debtor's exemptions.

Due to the amount of time has passed, it is difficult to estimate the value of the property on the date of filing the petition with the evidence that was presented to this Court. However, after reviewing the information that was presented, this Court finds that there is not sufficient evidence of equity beyond the Debtor's exemptions and the Trustee did not carry her burden of proof on her motion.

Based upon the foregoing, this Court DENIES the Motion for Turnover filed by the Trustee.

###